**Jorge Luis HERNANDEZ, Petitioner—Appellant,**

v.

**Margarita PEREZ, Chairman, BPT; et al., Respondents—Appellees.**

No. 06–56097.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007.*

Filed Nov. 26, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

---

Jorge Luis Hernandez, Soledad, CA, pro se.

Beneth A. Browne, Office of the California Attorney General, Los Angeles, CA, for Respondents–Appellees.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

California state prisoner Jorge Luis Hernandez appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a district court's decision to deny a § 2254 petition, *see Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123, 1126 (9th Cir.2006), and we affirm.

■ Hernandez contends that the California Board of Prison Terms' (the "Board") decision finding him unsuitable for parole violated his due process rights because the Board relied upon static unchanging factors, such as the nature of the commitment offense, and there was no evidence supporting a finding that Hernandez posed an unreasonable risk of danger to society. Because the Board relied upon Hernandez's prison disciplinary record in support of its suitability finding, in addition to pre-incarceration factors, we conclude that some evidence supports the Board's suitability determination, and we reject Hernandez's due process challenge. *See id.* at 1129; *Irons v. Carey,* 505 F.3d 846, 852–54 (9th Cir.2007).

Hernandez's contention that due process mandates that substantial evidence, rather than "some evidence," support the Board's parole suitability determination is foreclosed. *See Biggs v. Terhune,* 334 F.3d 910, 915 (9th Cir.2003).

■ Finally, Hernandez's contention that Board is biased, thereby resulting in a denial of due process, fails because his assertions of bias are conclusory. *See Jones v. Gomez,* 66 F.3d 199, 204–05 (9th Cir.1995).

Accordingly, the state court's decision rejecting Hernandez's challenge to the Board's action was not contrary to and did not involve an unreasonable application of clearly established law, as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Superintendent v. Hill,* 472 U.S. 445, 454–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provid-ed by 9th Cir. R. 36–3.